IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**LEVI LANHAM,**

      **Plaintiff,**

v.                                      Civil Action Number 2:24-C-<u>00306</u>

**ARAMARK FOOD SERVICE CORPORATION,
ANTHONY BOOHER,
CORRECTIONAL OFFICER BREWER,
and CORRECTIONAL OFFICER JOHN/JANE DOES**

      **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Levi Lanham, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Levi Lanham (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia. At the time of the incidents described herein, Plaintiff was incarcerated at the South Central Regional Jail ("SCRJ").

2. West Virginia Division of Corrections (hereinafter "WVDCR"), is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia.

3. Defendant, Anthony Booher, was an employee of Aramark Food Service Corporation, hereinafter "Aramark". Defendant Aramark is a food service business that contracted with the WVDCR to provide such services. Upon information and belief, Anthony Booher did not receive the requisite training prior to being around inmates such as Plaintiff.

4.  Defendant Correctional Officer Brewer was a correctional officer employed by the WVDCR and by policy was responsible to carry out her duties in a manner to provide for the safety and security of inmates.  CO Brewer was informed by plaintiff that he was inappropriately harassed by Defendant Booher. Despite being on notice of this information, Defendant Brewer failed to report or investigate the allegations of inappropriate sexual conduct made by Plaintiff, in violation of W.Va. Code and WVDCR Policy and Procedures.  Defendant Brewer's conduct was reckless, outrageous and/or deliberately indifferent to the well being and safety of plaintiff.

5.  Defendant John/Jane Does were correctional officers employed by the WVDCR and/or employees of Aramark Food Service Corporation. By policy, these Defendants were responsible to carry out their duties in a manner to provide for the safety and security of inmates. John/Jane Does both witnessed and were informed by plaintiff that he was inappropriately harassed and touched by Defendant Booher. Despite being on notice of this information, Defendant John/Jane Does failed to report or investigate the allegations of inappropriate sexual conduct made by Plaintiff, in violation of W.Va. Code and WVDCR Policy and Procedures.  Defendant John/Jane Does' conduct was reckless, outrageous and/or deliberately indifferent to the well-being and safety of plaintiff.

6.  The willful and intentional acts and omissions of the defendants directly resulted in plaintiff being sexually harassed and abused on multiple occasions.  Plaintiff affirmatively states that he has exhausted all administrative remedies.  Plaintiff further asserts that he is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein.

7.  All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

8. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 7 as if set forth herein.

9. At all times relevant herein, Plaintiff was an inmate at the South Central Regional Jail. Plaintiff had a job in the kitchen at SCRJ.

10. As an inmate of the WVDCR, Plaintiff worked under the authority and supervision of Defendant Booher who acted, at all times pertinent hereto, as an agent and contract employee of the WVDCR and provided food services on behalf of Defendant Aramark.

11. During Plaintiff's incarceration, Aramark, by and through its officer, agent, and employee Booher, subjected Plaintiff to unwanted sexual harassment and inappropriate physical contact.

12. On or about October 12, 2022, Plaintiff walked into Defendant Booher's office to speak with Defendant Booher. Defendant Booher, who was seated in a swivel chair, turned towards Plaintiff and fondled/groped Plaintiff's penis. Another inmate who was present asked Plaintiff if Defendant Booher had just grabbed his penis, and Plaintiff answered that he had. Plaintiff asked Defendant Booher why he had done that and Defendant Booher told him he had only flipped it with his hand. Correctional Officer Doe witnessed the incident and was told by Plaintiff and the other inmate who witnessed this incident what had taken place. Defendant Doe did not file a report, investigate this matter, or take any action to protect Plaintiff from Defendant Booher.

13. Defendants Brewer and Doe, in violation of West Virginia Division of Corrections and Rehabilitation Policy Directive 430.00 failed to take any steps to stop or investigate the sexual misconduct of Booher. Pursuant to WVDCR Policy Directive 430.00 there is zero tolerance for any acts of sexual abuse, misconduct or harassment between inmates and employees or contractors.

14. On or about October 13, 2022, Plaintiff was again working at his job in the kitchen. On this date, Defendant Booher approached Plaintiff and forced/ordered Plaintiff to lick bodily fluids from Defendant Booher's finger. Defendant Booher placed his hand in his pants and then stuck his hand in Plaintiff's face. Defendant Booher ordered Plaintiff to lick his hand. Plaintiff eventually complied for fear of being punished or retaliated against for failing to follow orders. After Plaintiff licked Defendant Booher's hand, Defendant Booher told him he had just rubbed his genitals and there may have been semen on his hand. Correctional Officer Spence witnessed this incident and filed a report with supervisors at the facility.

15. Prior to the inappropriate sexual conduct by Booher, Division of Corrections and Aramark personnel were on notice that Defendant Booher had been inappropriate towards plaintiff. Prior to the two events described herein, Defendant Booher had made numerous comments to Plaintiff about wanting to have sexual relations with him and other inappropriate sexual comments. Plaintiff reported this conduct to Defendant Brewer and other correctional officers, including Defendant Doe(s), who refused to investigate the matter or refer the matter for investigation. Despite said knowledge, the WVDCR and Aramark and their employees, took no action to intervene or respond to the inappropriate conduct.

16. Plaintiff was at all relevant times in fear of having a bad review or report from Defendant Booher. Plaintiff believed that an adverse report could result in a poor review and failure to achieve a timely release.

17. Upon information and belief, after Plaintiff filed a grievance related to these incidents, this matter was investigated and substantiated and Defendant Booher was terminated from employment.

18. Defendants' actions have caused Plaintiff severe emotional and mental injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

## COUNT I
## OUTRAGEOUS CONDUCT

19. Plaintiff incorporates by reference and realleges each and every allegation contained in the above Paragraphs as if set forth herein.

20. Defendant Brewer's and John/Jane Does' knowledge of Defendant Booher's conduct and failure to report, investigate, act and intervene is outrageous. The willful and intentional failure to report, investigate, act and intervene is outrageous and unconscionable conduct. The willful and intentional failure to act occurred despite the knowledge that severe emotional distress and sexual assault was certain to occur.

21. Defendant Booher's sexual misconduct and harassment of Plaintiff was also outrageous given his position of authority over plaintiff. Defendant Booher knew or should have known that severe emotional distress was certain, or substantially certain, to result from his inappropriate sexual contact and harassment of Plaintiff.

22. Defendant Booher's sexual contact with and harassment of Plaintiff constitutes extreme and outrageous conduct and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

23. Defendants Brewer and Does' failure to act constitutes extreme and outrageous conduct and has resulted in plaintiff suffering severe emotional distress. The Defendants' outrageous conduct resulted in Plaintiff suffering severe emotional distress and injury. Plaintiff

also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

**COUNT II – BATTERY BY DEFENDANT BOOHER**

24. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 though 24 as if set for herein.

25. Defendant Booher's conduct of offensive and unwanted sexual physical contact with and harassment of Plaintiff constitutes battery.

26. Defendant Booher's battery of Plaintiff caused Plaintiff to suffer severe emotional distress. By allowing the battery to occur, Defendants Aramark and WVDCR employees violated Policy Directives which are in place to protect plaintiff from harm.

27. Defendant Booher's sexual contact with and harassment of Plaintiff constitutes battery and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

**COUNT III -RECKLESS/GROSS NEGLIGENCE/SUPERVISION TRAINING/HIRING**

28. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 27 as if set forth herein.

29. Defendant Aramark failed to properly train, supervise and screen Defendant Booher prior to hiring him and placing him in contact with inmates.

30. Defendant Aramark had a duty to protect plaintiff from inappropriate sexual conduct and harassment of its employees while plaintiff was incarcerated in the facility. Despite said duty, Defendant Aramark negligently and/or recklessly failed to fulfill their duty when

6

multiple PREA and industry hiring standards were violated. Specifically, Defendant Aramark failed to properly vet Defendant Brewer and then failed to provide adequate training regarding sexual harassment and its prohibition in the workplace.

31. As a direct and proximate result of this negligent, grossly negligent and/or reckless conduct, plaintiff was subjected to inappropriate sexual conduct. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

## COUNT IV -DELIBERATE INDIFFERENCE-VIOLATION OF 42 USC §1983

32. Plaintiff incorporates by reference and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

33. Defendants Brewer and John/Jane Does were at all times herein acting under the color of state law and are being sued in their individual capacity.

34. Defendants Brewer and John/Jane Does acted with deliberate indifference when they witnessed, heard and allowed plaintiff to be sexually harassed and abused without intervening. Defendant Doe witnessed and was informed of the sexual harassment and had a duty to protect plaintiff from sexual misconduct by another employee. Defendant Brewer was informed of the sexual harassment and had a duty to protect plaintiff from sexual misconduct by another employee. Defendants Brewer and Does knew that the sexual harassment and abuse presented a risk of serious emotional injury to Plaintiff.

35. Defendants Brewer and Does acted with deliberate indifference when they failed to intervene on Plaintiff's behalf, to report the sexual harassment/misconduct, or follow any of the PREA policies and procedures in place to protect inmates such as Plaintiff from sexual

harassment/abuse. Defendants Brewer and Does were further deliberately indifferent by failing to intervene, discipline, or report the actions of Defendant Booher. Due to the failure of Defendants Brewer and Does to take any meaningful action to protect Plaintiff, Defendants Brewer and Does were directly and a proximate cause for Plaintiff being sexually harassed/abused and injured.

36.     This deliberate conduct and indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy 430.00.

37.     Defendants Brewer and Does acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 by failing to intervene when plaintiff was being sexually harassed/abused.  Moreover, Defendants Brewer and Does would have known through the training and legal precedent that their conduct (deliberate indifference to a dangerous condition), was a violation of plaintiff's constitutional rights under the Eight Amendment.  Defendants Brewer and Does had firsthand knowledge of the dangerous condition created by Defendant Booher, as well as an opportunity to act and prevent plaintiff from being harmed.

38.     Defendants Brewer and Does' conduct is a failure-to-protect. Their conduct satisfies the two prongs of the legal standard established by Federal Courts. The first is objective, requiring that the prisoner has suffered "a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)(internal quotation marks omitted).  The second is subjective, requiring that the prison official have demonstrated "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted).  Although that standard "entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835.  Specifically, deliberate

8

indifference "requires that a prison official actually know of and disregard an objectively serious . . . risk of harm." *De'Lonta,* 330 F. 3d at 634.

39. Plaintiff suffered a serious and significant emotional injury as a result of the conduct of the Defendants. Moreover, Defendants Brewer and Does were deliberately indifferent to Plaintiff's health and safety when they failed to report both observed sexual misconduct as well as receiving verbal reports of the misconduct from plaintiff.

40. The acts and omissions of Defendants Brewer and Does as described herein violated the Eighth Amendment to the Constitution of the United States of America and gives rise to the action against Defendants Brewer and Does. Defendants Brewer and Does through their training and legal precedent knew that they had a duty to protect inmates from harm. Defendants Brewer and Does were aware of the misconduct and were in a position to intervene.

41. As a direct and proximate result of the deliberate indifference of Defendants Brewer and Does toward plaintiff, plaintiff incurred severe emotional injury, pain and suffering and severe emotional distress. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

42. The actions of Defendants Brewer and Does were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

## COUNT VII
## **VICARIOUS LIABILITY**

43. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 27 as if set forth herein.

44. Defendant Aramark is vicariously liable for the conduct of its employee under the doctrine of respondent superior, as the individuals were acting within the scope of their employment and at the time the inappropriate acts described herein occurred as described in Counts I and II of this Complaint. Moreover, Defendant Aramark weas responsible for ensuring compliance with policy directives set forth in this complaint as well as other directives in place to ensue the safety and wellbeing of inmates.

45. The actions of Defendant Booher occurred while he was working for Aramark as an officer, agent, and/or employee and was acting within the scope of his employment during the events described herein for the allegations set forth in Counts I and II of this Complaint. Plaintiff asserts that Defendant Booher's conduct was within the scope of his authority and for the employer's benefit.

46. Plaintiff suffered serious emotional injury from the conduct described herein. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the individual defendants as well as attorney's fees and costs. Defendant Aramark is vicariously liable for Defendant Booher's conduct because he was acting within the general scope of his employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff requests such other and further relief as this Honorable Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

LEVI M. LANHAM,
By Counsel,

/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329