IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LEVI LANHAM,

          Plaintiff,

v.                                            CIVIL ACTION NO.   2:24-cv-00306

ARAMARK FOOD SERVICE CORPORATION, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's Motion for Relief from Order, [ECF No. 25]. For the foregoing reasons the Motion is **GRANTED**.

### I.    Background

Plaintiff filed his Complaint on June 21, 2024. [ECF No. 1]. On October 18, 2024, I permitted plaintiff to file his Amended Complaint, [ECF No. 14]. Plaintiff alleges that, as an inmate at South Central Regional Jail, he had a job in the kitchen. *Id.* at 3. While working in the kitchen he claims that he was subject to "unwanted sexual harassment and inappropriate physical contact" by defendant Booher, an employee of Aramark Food Service Corporation ("Aramark Food"). *Id.* Specifically, plaintiff alleges that on or about October 12, 2022, defendant Booher "fondled/groped" plaintiff's penis, and on or about October 13, 2022, defendant Booher "forced/ordered" plaintiff to lick bodily fluids from defendant Booher's fingers. *Id.* at 3–4. Plaintiff claims to have reported defendant Booher's conduct to defendant Correctional Officer

Brewer and other unnamed correctional officers and exhausted his administrative remedies.

The Amended Complaint added Aramark Correctional Services, LLC, ("Aramark Correctional") as a defendant in this matter, and included an additional count against defendant Booher for violation of 42 U.S.C. § 1983. In total Plaintiff alleges the following causes of action in his Amended Complaint: (1) outrageous conduct by defendants Brewer, Booher, and John/Jane Does, (2) battery by defendant Booher; (3) reckless and/or gross negligence, supervision, training, and hiring by defendants Aramark Food and Aramark Correctional, (4) violation of 42 U.S.C. § 1983 by defendant Booher, (5) deliberate indifference by defendant Brewer and Does, (6) vicarious liability against Aramark Food and Aramark Correctional.

On September 24, 2024, I ordered plaintiff to demonstrate good cause for not serving defendants Aramark Food and Booher with process. [ECF No. 10]. Plaintiff responded on September 26, 2024, and moved to extend the time to make service. [ECF No. 11]. On October 18, 2024, I granted plaintiff's Motion to Extend Time to Make Service and ordered that service shall be made on or before November 1, 2024. [ECF No. 13]. Though I extended the time to make service, no entry was made on the docket by the plaintiff to signify that service of process occurred. On November 4, 2024, I dismissed defendants Aramark Food and Anthony Booher without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. [ECF No. 21]. Plaintiff now seeks relief from that Order pursuant to Rule 60(b). [ECF No. 25].

## II. Legal Standard

Rule 60(b) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding." One reason the court may relieve a party from an order is for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"To obtain relief under Rule 60(b) for excusable neglect, the movant 'must demonstrate *inter alia* that he was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment.'" *Rosa v. Greenbrier Cnty. Comm. on Aging, Inc.*, No. 5:22-CV-00403, 2023 WL 3513817, at *1 (S.D.W. Va. May 16, 2023) (Volk, J.) (quoting *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992)). Further, "when the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997); *Rosa*, 2023 WL 3513817, at * 1.

## III. Analysis

Plaintiff claims defendants Aramark Food and Booher were served in a timely manner but due to plaintiff counsel's "mistake and excusable neglect," the returns of service were not properly filed. [ECF No. 25]. The accompanying Memorandum in Support of Motion for Relief from Order, [ECF No. 26], explains that plaintiff's counsel was incorrectly relying on the West Virginia Secretary of State to forward

3

proof of service and file the necessary documentation with the court. Plaintiff asserts defendant Booher was served on September 20, 2024, and defendant Aramark Food was served on September 30, 2024. Plaintiff's counsel has filed what he titles "Proof of Service" as to both defendants. [ECF Nos. 23, 24]. Though both filings, [ECF Nos. 23, 24], contain signatures of the recipients, I am unable to confirm that the tracking numbers listed correspond to service of the plaintiff's Complaint based on the instant filings alone. Upon a full review of the docket, the tracking numbers contained in Summons Accepted for Service by Secretary of State, [ECF Nos. 8, 9], match those contained in plaintiff counsel's "Proof of Service." Thus, the plaintiff has obtained service upon defendants Aramark Food and Booher within the time I previously ordered.

Plaintiff, Levi Lanham, played no part in his counsel's failure to timely file proof of service after seeking an extension to complete service. The mistake that occurred here is one that qualifies as a "mistake" or "excusable neglect" under Rule 60(b). Additionally, it is unlikely that any prejudice has occurred due this failure. To date, no answer has been filed by defendants Aramark Food and Booher to the Complaint or First Amended Complaint. Of the other two defendants, Brewer has filed an answer to both the Complaint and Amended Complaint, while Aramark Correctional has filed continued stipulations with the plaintiff to extend its time to answer. Lastly, this ruling is in accord with the Fourth Circuit's general preference "that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad.,*

*Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Rosa*, 2023 WL 3513817, at * 2.

### IV.　Conclusion

Inasmuch as Plaintiff has demonstrated a mistake or excusable neglect under Rule 60(b)(1) that warrants relief, plaintiff's Motion for Relief from Order [ECF No. 25], is **GRANTED**, the November 4, 2024 Order is **VACATED**, and defendants Aramark Food Service Corporation and Anthony Booher are **REINSTATED** as parties in this matter.

The court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and any unrepresented party.

ENTER:　January 28, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5